Case 4:22-cv-00909   Document 40   Filed on 03/27/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMANUEL PRESTON GIBSON,<br>　　Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:22-CV-909 |
| | §<br>§ | |
| CITY OF HOUSTON,<br>　　Defendant. | §<br>§ | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss filed by Defendant City of Houston, Texas ("City"). (Dkt. 36). Having carefully reviewed the motion, response, reply, and applicable law, the Court **GRANTS** the motion.

## **FACTUAL BACKGROUND**

For purposes of the Court's consideration of the pending motion, the following facts alleged in Plaintiff Emanuel Preston Gibson's amended complaint are taken as true. (Dkt. 33). On April 25, 2021, Gibson called 911 to report a person standing outside his apartment window making threats against him. Gibson was told that an officer would be dispatched to his location. After fifty minutes passed without an officer arriving, Gibson called 911 again. Gibson was again told that an officer would be dispatched to his location. An officer never arrived.

1

Gibson filed a lawsuit in federal court, alleging that the City is liable under 42 U.S.C. § 1983 ("Section 1983") for violating his First, Fourth, and Fourteenth Amendment Equal Protection rights. (Dkt. 33 at 4). In the pending motion, the City argues that it is entitled to dismissal of Gibson's constitutional claims because Gibson has failed to allege sufficient facts to support any theory of liability against the City. The Court considers these arguments below.

## LEGAL STANDARD

**Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Id*.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). In conducting this analysis, the Court does not consider legal conclusions as true, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a private right of action for the deprivation of rights, privileges, and immunities secured by the Constitution or laws of the United States. Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

3

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To establish § 1983 liability, a plaintiff must prove that she suffered "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citing *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986)). A plaintiff must also show that the constitutional or statutory deprivation she suffered was intentional or due to deliberate indifference and not the result of mere negligence. *Id.* (citing *Baker*, 443 U.S. at 146).

## ANALYSIS

The City argues that Gibson's claims fail because Gibson has not stated a viable claim of municipal liability under Section 1983; has not pled any facts in support of his First and Fourth Amendment claims; has not pled that he was treated differently from similarly situated individuals (thus defeating his Fourteenth Amendment equal protection claim); has not pled any causal link between an alleged failure to train and the violation of his rights; and has not pled actual knowledge of the violation of his

4

rights on the part of policymakers (thus defeating his ratification claim). In response, Gibson argues that the City intentionally neglected to respond to his 911 calls because Gibson "was already in court with the City of Houston on other occurrances." (Dkt. 37-5). The Court agrees with the City that Gibson's claims warrant dismissal.

"Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)) (hereinafter, "*Monell* liability"). An official policy is either "(1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc).

A local government's decision not to act can be unconstitutional where the failure amounts to "deliberate indifference" to the violation of an individual's constitutional rights. *See, e.g., Connick v. Thompson*, 563 U.S. 51, 61 (2011). Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor

5

disregarded a known or obvious consequence of its action." *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997). A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of his decision. *Id.* at 411.

    i.    <u>*Monell* Claim</u>

As an initial matter, the Court finds that Gibson failed to cite an "official policy" that served as the "moving force" behind his alleged constitutional harms. *See Monell*, 436 U.S. at 694. The only official policy cited in Gibson's amended complaint is City of Houston Municipal Ordinance 34-21, which authorizes the City to "create[] a police department, which together with its officers and employees, is charged with the duties of preserving the public peace." (Dkt. 33 at 5). But this ordinance—which merely authorizes the creation of a police force—cannot be said to have caused the constitutional harms Gibson alleges here. Having failed to cite either a "policy statement, ordinance, regulation, or decision" or a "persistent, widespread practice of officials or employees" that caused Gibson's harms, Gibson's *Monell* claim necessarily fails. *Webster*, 735 F.2d at 841. The Court further finds that Gibson fails to allege a violation of his constitutional rights. *See infra*.

6

      ii.      First and Fourth Amendment Claims

Gibson's amended complaint states that Gibson "asserts claims arising under . . . the First Amendment, Fourth Amendment, and Fourteenth Amendment of the Constitution of the United States." (Dkt. 33 at 4). But Gibson pled no facts supporting claims under the First and Fourth Amendments; indeed, Gibson did not mention the First and Fourth Amendments in the body of his complaint. (Dkt. 33 at 5). Thus, to the extent Gibson alleges violations of his First and Fourth Amendment rights, the City is entitled to dismissal of those claims.

      iii.      Fourteenth Amendment Claim

Gibson alleges that the City's failure to dispatch an officer to his apartment amounted to a violation of his Fourteenth Amendment equal protection rights. (Dkt. 33 at 5). To properly state an equal protection claim, a plaintiff must allege that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (internal quotation marks and citation omitted). Here, Gibson failed to allege disparate treatment or discriminatory intent. Thus, the City is entitled to dismissal of Gibson's claims under the Fourteenth Amendment.

7

      iv.      Failure to Supervise and Ratification Claims

Gibson alleges that the 911 dispatcher "consciously disregarded [his] rights, knowing that the [City's] Policymakers would approve and/or ratify [the dispatcher's] actions due to the lack of supervision by Mayor Sylvestor [sic] Turner and Chief of the Police Department Troy Finner." (Dkt. 33 at 5). The Court finds that this conclusory statement does not state cognizable claims against the City for a failure to supervise or for liability via ratification.

A supervisor not personally involved in the acts that allegedly deprived the plaintiff of his constitutional rights can still be liable under § 1983, if (1) the supervisor failed to supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise and the alleged violation of the plaintiff's rights; and (3) the failure to supervise constituted deliberate indifference to the plaintiff's constitutional rights. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *see also Morgan v. Texas Dep't of Criminal Justice McConnell Unit*, 537 Fed. App'x. 502, 509 (5th Cir. 2013) ("A defendant . . . may be held liable for his or her role in a constitutional violation premised on [his] conduct as a supervisor."). Here, Gibson failed to plead a causal connection between any alleged failure to supervise and his alleged constitutional harms, nor did he plead that any alleged failure to supervise amounted to deliberate indifference. Thus, Gibson's failure to supervise claim fails.

8

Similarly, Gibson's unsupported, conclusory statement that the 911 dispatcher acted with the confidence that City policymakers would ratify his actions cannot support a claim of liability against the City. In any event, the Fifth Circuit has limited the theory of ratification to "extreme factual situations." *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (refusing to find ratification where officer shot fleeing suspect in the back). This case does not present such an extreme factual situation. Thus, Gibson's ratification claim fails.

## CONCLUSION

For the reasons stated above, the City's Motion to Dismiss (Dkt. 36) is **GRANTED**. Gibson's claims are **DISMISSED**.

SIGNED at Houston, Texas on March 27, 2023.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE